1 THE TATAR LAW FIRM, APC
Stephanie R. Tatar, SBN 237792
2 stephanie@thetatarlawfirm.com
3500 West Olive Ave, Suite 300
3 Burbank, CA 91505
Tel: 323.744.1146; Fax: 888.778.5695
4
BERGER & MONTAGUE, P.C.
5 E. Michelle Drake, MN Bar No. 0387366*
emdrake@bm.net
6 Joseph C. Hashmall, MN Bar No. 0392610*
jhashmall@bm.net
7 43 SE Main Street, Suite 505
Minneapolis, MN 55414
8 Tel: 612.594.5999; Fax: 612.584-4470

9 FRANCIS & MAILMAN, P.C.
James A. Francis, PA Bar No. 77474*
10 jfrancis@consumerlawfirm.com
David A. Searles, PA Bar No. 21471**
11 dsearles@consumerlawfirm.com
Land Title Bldg, 19th Floor
12 100 South Broad Street
Philadelphia, PA 19110
13 Tel: 215.735.8600; Fax: 215.940.8000

14 *admitted *pro hac vice*
** *pro hac vice* application forthcoming
15
[*Additional Attorneys Listed on Next Page*]
16

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN SMITH, individually and as a representative of the Class,<br><br>Plaintiff,<br><br>v.<br><br>A-CHECK AMERICA INC. d/b/a A-CHECK GLOBAL,<br><br>Defendant. | **CLASS ACTION**<br>Case No.:5:16-cv-00174-VAP-KK<br><br>**JOINT STIPULATED PROTECTIVE ORDER**<br><br>Judge:  Hon. Virginia A. Phillips<br><br>Magistrate Judge:<br>Hon. Kenly Kiya Kato<br><br>Complaint Filed:  December 3, 2015<br>Trial Date:          None set<br><br>NOTE CHANGES MADE BY THE COURT |

CASE NO: 5:16-CV-00174-VAP-KK          STIPULATED PROTECTIVE ORDER

NICHOLS KASTER, PLLP
Eleanor E. Frisch (SBN 304408)
E-mail: efrisch@nka.com
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878

Attorneys for PLAINTIFF and the
PROPOSED CLASS

SEYFARTH SHAW LLP
Pamela Q. Devata
E-mail: pdevata@seyfarth.com
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

SEYFARTH SHAW LLP
Timothy L. Hix (SBN 184372)
E-mail: thix@seyfarth.com
333 S. Hope Street, Suite 3900
Los Angeles, California 90071
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
E-mail: jbrophy@seyfarth.com
Monica Rodriguez (SBN 299026)
E-mail: morodriguez@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
A-CHECK AMERICAN INC. d/b/a
A-CHECK GLOBAL

-2-

CASE NO: 5:16-CV-00174-VAP-KK    STIPULATED PROTECTIVE ORDER

## 1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B. GOOD CAUSE STATEMENT

This action is likely to involve the identification of confidential information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Protected Material warranting protection from this Protective Order includes all information and documents produced by a party or third parties in response to written discovery requests, a subpoena, or otherwise that refer to, reflect upon, or relate to:

1.1 Background reports and other information about individuals other than Plaintiff;

1.2 Documents relating to the conduct of a party's business of a sensitive, confidential, and/or proprietary nature, including, but not limited to, trade secrets; data, codes, programs, methods, processes, and procedures

in connection with the development and providing of a party's products and services; a party's agreements with customers, suppliers, vendors and other third parties; a party's financial information; information relating to a party's business plans and strategies; information concerning a party's present or former clients; information about a party's policies, practices, or standard operating procedures; information about a party's administrative and regulatory agency proceedings, lawsuits, or other legal proceedings; and information received from customers, suppliers, vendors and other third parties with whom a party does business; or

1.3   Any other commercially sensitive information and documents that are not readily available to the public through legitimate origins or testimony that are in good faith designated as "Confidential."

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.   DEFINITIONS**

2.1   <u>Action</u>: This pending federal law suit.

2.2   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. The restrictions contained herein regarding disclosure of CONFIDENTIAL Information also applies with equal force to any excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, memoranda, briefs, exhibits, transcripts, or other documents that may be prepared in connection with this action that contain or refer to CONFIDENTIAL Information contained therein.

2.4 Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 In-House Counsel: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10  <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11  <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12  <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this Action.

2.13  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL."

2.15  <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

2.16  <u>Disclosure or To Disclose</u>:  the terms shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity Protected Material, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, analyses, summaries, or compilations of Protected Material; and (3) any testimony,

-4-

conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.     DURATION**

The Protective Order shall remain in effect for the duration of this action either by settlement or final disposition, unless otherwise ordered by the Court or agreed by the parties.

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on

other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   **Manner and Timing of Designations**. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.3(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

5.3   Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to

each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Discovery Material on the record, the parties' counsel shall have the option, during the deposition or within fourteen (14) days after the deposition, to require the reporter to prepare the transcript and exhibits as "CONFIDENTIAL." Such transcripts, exhibits, and the information contained therein shall remain protected for fourteen (14) days under this Protective Order regardless of whether the parties' counsel exercises the option provided by this subparagraph. Moreover, the parties may, at the deposition or within fourteen (14) days after receiving a copy of the deposition transcripts, designate deposition testimony or portions thereof as "Confidential."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.4 <u>Inadvertent Failures to Designate</u>. The inadvertent or unintentional disclosure of any Protected Material shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific Protected Material disclosed or as to other related information. Upon becoming aware of an inadvertent or an unintentional failure to designate, a party must promptly take steps to correct that failure.

**6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

    6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Nothing in this Protective Order shall prevent a Producing Party from any use of its own Protected Material. Moreover, nothing in this Protective Order shall limit the right of the parties to use Protected Material for purposes of this action, including in any pleadings, memoranda, briefs, exhibits, or other documents that may be prepared in connection with this action. In the event Protected Materials are included in any document filed

with the Court, such document shall be sought to be filed under seal, redacted or as otherwise agreed to by the parties in writing, or as otherwise ordered by the Court. If a party seeking to file a document containing Protected Material cannot obtain the written agreement of the party producing the Confidential Materials or cannot redact the Protected Materials and seeks to file the document containing Protected Materials under seal, the party shall, in good faith, follow the procedure in Civil Local Rule 79-5. If the Court denies the party's motion to file under seal, the party shall be free to file such document. Nothing in this shall preclude the Producing Party from seeking an order from the Court regarding the filing of such document.

Neither party shall disclose any information designated as "Confidential" by a Producing Party without the written consent of the Producing Party or the express permission of the Court.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have

-9-

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). All Acknowledgement and Agreement to Be Bound forms executed shall be maintained by the party turning over the material.

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). All Acknowledgement and Agreement to Be Bound forms executed shall be maintained by the party turning over the material.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. All Acknowledgement and Agreement to Be Bound forms executed shall be maintained by the party turning over the material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these

-11-

provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). "This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review."

## 12. MISCELLANEOUS

12.1 <u>Modifications</u>. Nothing in this Order abridges the right of any person to seek its modification, extension, or limitation as may be hereinafter agreed to by all parties, or by Order of the Court.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to

-12-

object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4 <u>Right to Further Relief</u>.  The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

**13.   SETTLEMENT OR FINAL DISPOSITION**

After the settlement or final disposition of this Action, as defined in paragraph 4, within 30 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this

provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order even after the resolution of the case, by settlement or final disposition..

**14.** Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I certify that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 22, 2016          BERGER & MONTAGUE, P.C.

                              By: /s/Joseph C. Hashmall
                                  Joseph C. Hashmall
                              Attorneys for Plaintiff Smith

Dated: July 22, 2016          SEYFARTH SHAW

                              By:/s/Monica Rodriguez
                                  Pamela Q. Devata
                                  Timothy L. Hix
                                  Jonathan L. Brophy
                                  Monica Rodriguez
                              Attorneys for Defendant A-Check

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: July 25, 2016

                              _____
                              Hon. Kenly Kato
                              Magistrate Judge
                              United States District Court
                              Central District of California

-14-

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Smith v. A-Check America, Inc.*, Case No. 5:16-cv-00174-VAP-KK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

-1-

CASE NO: 5:16-CV-00174-VAP-KK                     STIPULATED PROTECTIVE ORDER